PARKER *v.* VAUGHN.

Opinion delivered January 20, 1930.

*John M. Parker & Son,* for appellant.
*Hays, Priddy & Rorex,* for appellee.

McHANEY, J. Appellant sued appellee in unlawful detainer, and in attachment for rent for the year 1928. There was a verdict and judgment on both causes of action for appellee for $27.85 on appellee's cross-complaint. The facts, briefly stated, are substantially as follows: Appellant rented appellee her farm in Yell County for 1928, containing about 66 acres, under a written contract of lease providing for payment of money rent of a stipulated sum per acre, on or before October 15, 1928. The lease further provided that, if appellee

complied with all the terms of the lease contract, and paid all his rent by November 1, he should have the option to rent the same property on the same terms for 1929.

In the spring of 1928, an overflow came, destroying a portion of the crops, and the parties mutually agreed to modify the contract, so as to provide for the payment of rents in a portion of the crops, instead of money rent. Appellee delivered to appellant her portion of the crops, as same were gathered, but failed to completely harvest his crops by November 1. In December, he was notified to surrender and deliver up possession of the land on January 1, 1929, which he refused to do, on demand. This demand to quit was made on the ground that he had not paid all his rent by November 1, and that he was not, therefore, entitled to exercise his option to hold over for 1929.

The case depends almost entirely on a question of fact, and the facts were in dispute. The jury has settled this question against appellant. Had the jury accepted her testimony she would have been entitled to possession. They chose, however, to accept the testimony of appellee, as reflected in the verdict. This court is not at liberty to set aside a verdict on a disputed question of fact, even though it should find it to be against the preponderance of the evidence.

Some considerable complaint is directed against the instructions given by the court, as well as those refused.

The record discloses that 23 instructions were given, a majority of which were at appellant's request, and ten more requested by her were refused. We think the court fully instructed the jury as to the law, and that the instructions were as favorable to her as she was entitled to. The court correctly told the jury that, if they found that the written contract was afterwards verbally modified so as to substitute a part of the crop for money rent, then the rent would be due as the crops were gathered, according to custom of the country. Of course if

the crop was not gathered by November 1, the rent could not be paid in kind by that time. We do not think this had the effect of destroying the option for 1929. We cannot take up and discuss each instruction, about which complaint is made, as it would take too much space and serve no useful purpose.

Judgment affirmed.